UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAROLINA ZALDUONDO,** | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )     Civil Action No. 10-1685 (RCL) <br> ) |
| **AETNA LIFE INSURANCE COMPANY,** | ) <br> ) |
| Defendant. | ) <br> ) |

## MEMORANDUM OPINION

Before the Court are two motions filed by plaintiff Carolina Zalduondo ("plaintiff"). The first is a Motion for Reconsideration [17] asking for a reversal of this Court's February 27, 2012, interlocutory Order [13] dismissing plaintiff's breach of fiduciary claim. The second is plaintiff's Motion for Leave to file a Second Amended Complaint [18]. Upon consideration of the motions [17, 18], the oppositions [21, 22], the replies [24, 25], the entire record herein and the applicable law, the Motion for Reconsideration [17] and the Motion for Leave to file a Second Amended Complaint [18] are denied. However, eight paragraphs in the Second Amended Complaint, specifically paragraphs 4, 5, 23, 24, 33, 34, 37, and 38, will be deemed incorporated into plaintiff's Amended Complaint [5]. Having now demonstrated exhaustion, plaintiff will be allowed to proceed on her claims for denial of benefits and for the improper refusal to pay for her procedure at Aetna's ("defendant") in-network rate.

### I.     FACTUAL BACKGROUND

The facts of this case are set out in this Court's prior opinion, *Zalduondo v. Aetna Life Ins. Co.*, --- F. Supp 2d ----, 2012 WL 612811 (D.D.C. Feb. 27, 2012), and so only the applicable

1

facts are set out here.  Underlying this action was defendant Aetna Life Insurance Company's decision not to pay for plaintiff's hip operation.  Am. Compl. [5] ¶¶ 26-30, Mar. 14, 2011.  Plaintiff's Amended Complaint sought relief under § 502 of the Employee Retirement Income Security Act ("ERISA"), codified as 29 U.S.C. § 1132.  *Id.* 2.  Specifically, plaintiff brought claims under § 1132(a)(1)(B) for the improper denial of benefits and for Aetna's refusal to pay her surgeon at the company's in-network rate, and under § 1132(a)(2) for breach of fiduciary duty.  Am. Compl. [5] ¶¶ 38-49, Prayer for Relief A.  Plaintiff clarified her pleadings in her Opposition Motion, claiming that § 1132(a)(3) provided an alternative basis of relief.  Pl.'s Opp'n [7] 4, Apr. 19, 2011.

By way of this Court's February 27, 2012, Order and Memorandum Opinion, all of plaintiff's claims save one were dismissed.  Order [13]; Mem. Op. [14] 10.  Relief under § 1132(a)(2) was held inapplicable because § 1132(a)(2) authorizes plan participants to sue when then *plan* has suffered a loss due to a breach of fiduciary duty, and in this case the only alleged injury is to the plaintiff.  *Id.* 8.  This Court likewise held that § 1132(a)(3) could not survive the defendant's 12(b)(6) motion because, as a general rule in this Circuit, "a claim under § 1132(a)(3) cannot stand where plaintiff has an adequate remedy for her injuries under § 1132(a)(1)(B)."  *Id.* 9.  As for plaintiff's claims under § 1132(a)(1)(B), this Court held that the facts plead did not establish plaintiff's exhaustion of administration remedies as required by ERISA, and thus the pleadings were factually insufficient to establish a denial of benefits claim.  *Id.* 7.  However, plaintiff was allowed to proceed on her claim that Aetna improperly refused to pay for her medical treatment at the company's in-network rate.  *Id.*

Plaintiff subsequently filed two motions on March 8, 2012: a Motion for Reconsideration asking the Court's to review and reverse its ruling as to her claim under § 1132(a)(3), and a

Motion for Leave to file a Second Amended Complaint. Mot. Recons. [17]; Mot. Leave 2d Am. Compl. [18]. Plaintiff's Second Amended Complaint attempts to do four things: first, plaintiff pleads additional facts to demonstrate her exhaustion of administrative remedies in support of her denial of benefits claim under § 1132(a)(1)(B); second, plaintiff wishes to amend her complaint so as to clarify to the Court that she intended to seek relief under § 1132(a)(3); third, she seeks to add WPP Group Medical Plan ("Plan"), and WPP Group USA, Inc. ("Plan Administrator"), as defendants; and fourth, plaintiff seeks relief for breach of fiduciary duties from both the Plan and Plan Administrator. Pl.'s Supp. Mem. [18-1] 2-4; 2d Am. Compl. [18-2] ¶¶ 4-5, 23-38, 43-57.

## II.     PLAINTIFF'S MOTION FOR RECONSIDERATION

### A.     Reconsideration Under Federal Rule of Civil Procedure 54(b).

Federal Rule of Civil Procedure 54(b) allows the trial court to modify or reverse its interlocutory decisions at any time prior to the entry of a final judgment. *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). While this rule provides a procedural mechanism for courts to reconsider their prior opinions, the actual language of Rule 54(b) sets forth little guidance as to when such review is appropriate. To fill this gap, courts in this Circuit have held that "relief upon reconsideration . . . pursuant to Rule 54(b) is available 'as justice requires,'" *Hoffman v. District of Columbia*, 681 F. Supp. 2d 86, 90 (D.D.C. 2010) (*quoting Childers v. Slate*, 197 F.R.D. 185, 190 (D.D.C. 2000)), but have cautioned that, as a general rule, courts should not revisit their prior decisions "in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice," *Lederman v. United States*, 539 F. Supp. 2d 1, 2 (D.D.C. 2008) (*quoting Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, (1988)). "[A]sking 'what justice requires' amounts to determining, within the

Court's discretion, whether reconsideration is necessary under the relevant circumstances." *Cobell*, 355 F. Supp. 2d at 539.  Justice may require reconsideration when (1) "there was a patent misunderstanding of the parties," (2) "where a decision was made that exceeded the issues presented," (3) "where a court failed to consider controlling law," or (4) "where a significant change in the law occurred after the decision was rendered."  *Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 85 (D.D.C. 2009).

### B.   The Court Denies Plaintiff's Motion for Reconsideration.

Plaintiff argues that this Court should reverse on reconsideration its February 27 ruling as to plaintiff's claim under § 1132(a)(3) because, plaintiff asserts, at "least one case in this circuit has been decided in the time between the plaintiff's Sur-Reply and the time the Court issued is Order, which supports Plaintiff's position . . . ."  Pl.'s Supp. Mem. [17-1] 3.  Namely, plaintiff asserts that one of the cases that the Court cited in its Memorandum Opinion, *Clark v. Feder, Semo & Bard, P.C.*, 527 F. Supp. 2d 112, 116 (D.D.C. 2007) ("*Clark I*"), was "reversed in light of the Supreme Court's decision in *Amara*" prior to the Court's Order [13].[1]  *Id.* 3-4 (*citing Clark v. Feder, Semo & Bard, P.C.*, 808 F. Supp. 2d 219, 225 (D.D.C. 2012) ("*Clark VI*").[2]  Plaintiff further asserts that the Court in *Clark VI* allowed a similarly situated plaintiff to proceed in the alternative under both § 1132(a)(1)(B) and § 1132(a)(3) "until all material facts were resolved

---

[1] Plaintiff filed a Motion for Leave to file a Sur-Reply based on her belief that the Supreme Court's ruling in *Cigna Corp. v. Amara*, 131 S. Ct. 1866 (2011), was relevant to the instant case.  Pl.'s Mot. Leave [9] 1, May 26, 2011.  After consideration, this Court determined that *Cigna* was not helpful and subsequently denied plaintiff's motion.  Mem. Op. [14] 10.

[2] Six related cases captioned "*Clark v. Feder Semo & Bard, P.C.*" have been decided by the Court.  Four of those cases dealt specifically with Clark's substantive claims: 527 F. Supp. 2d 112 (D.D.C. 2007) ("*Clark I*"), 697 F. Supp. 2d 24 (D.D.C. Mar. 22, 2010) ("*Clark IV*"), which was vacated in part by 736 F. Supp. 2d 222 (D.D.C. Sept. 13, 2010) ("*Clark V*"); and 808 F. Supp. 2d 219 (D.D.C. 2011) ("*Clark VI*").  In 560 F. Supp. 2d 1 (D.D.C. 2008) ("*Clark II*"), the Court ruled on Clark's motion for leave to file an amended complaint; and in 634 F. Supp. 2d 99 (D.D.C. 2009) ("*Clark III*"), the Court dismissed Clark's claims against third party defendants.  Noting that Judge Bates in *Clark VI* referred to 697 F. Supp. 2d 24 as *Clark II*, the Court decides that in the interest of clarity we will count each *Clark* case chronologically and number them accordingly.  808 F. Supp. 2d at 221.  Thus, Judge Bates's *Clark II* is this Court's *Clark IV*.  Nonetheless, plaintiff incorrectly abbreviated the 2011*Clark* case as "*Clark II*;" it is now abbreviated as *Clark VI* (and would have been abbreviated as *Clark IV* following Judge Bates's numbering scheme).  Pl.'s Supp. Mem. [17-1] 4.

4

concerning whether there was an adequate remedy under the Plan . . . the opposite of what this Court decided in its February 27, 2012 Opinion." *Id.* 4. In support of her argument, plaintiff also cites *Kenseth v. Dean Health Plan*, Inc., 610 F.3d 452 (7th Cir. 2010); *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 782 F. Supp. 2d 294, 309 (S.D. Tex. 2011); *Fredericks v. Hartford Life Ins. Co.*, 488 F. Supp. 2d 210, 213 (N.D.N.Y. 2007), none of which are controlling in this Circuit. *Id.* 4-5. Plaintiff claims that she should be allowed to proceed in the alternative because "the Plan may not properly provide for the benefits she is seeking." *Id.* 5.

Plaintiff has not demonstrated that the Court's decision was clearly erroneous or unjust, or that her case falls into the category of "extraordinary circumstances" justifying reversal. *Lederman*, 539 F. Supp. 2d at 2. She has not argued that this Court patently misunderstood the parties, that our decision exceeded the issues presented or that this Court failed to consider controlling law. *Pueschel*, 606 F. Supp. 2d at 85. At best, plaintiff argues that the Court's decision in *Clark VI*, along with the cases cited from other circuits, demonstrates that a "significant change in the law occurred after the decision was rendered." *Id.* However, plaintiff's argument fails for three important reasons.

Most obviously, Plaintiff fails to cite a single case decided *after* this Court's February 29, 2012, Order. Plaintiff posits that a single case, *Clark VI*, decided *before* this Court issued its Order, supports plaintiff's position, namely that she should be allowed to simultaneously pursue claims under § 1132(a)(1)(B) and 1132(a)(3) until it is clear to the plaintiff that there is an "adequate remedy under the Plan [or not]," at which time she will presumably elect to pursue a claim under one of the two statues. Pl.'s Supp. Mem. [17-1] 3. Plaintiff's motion implies without accusation that this Court either failed to consider recent case law before deciding plaintiff's motion or that this Court decided plaintiff's motion before publication of *Clark VI* in

September 2011, yet intentionally failed to publish the decision for more than five months. Unless some space-time warping event has caused time to run in reverse, plaintiff is unable to show, based on the information proffered, that a significant change in the law occurred *after* this Court's decision.

Second, plaintiff's reading of the *Clark VI* is overbroad. Plaintiff asserts that the ruling in Clark *VI* allowed plaintiff Clark to proceed to trial under both §§ 1132(a)(1)(B) and 1132(a)(3), but only recover under one of the statutes, which she would elect after trial. Pl.'s Reply [25] ¶3, Apr. 13, 2012. The language of the case belies plaintiff's interpretation. Judge Bates made clear that the plaintiff could not "proceed" under both statues, a fact repeated no less than three times throughout the opinion. 808 F. Supp. 2d at 224-26, 234. This Court understands Judge Bates's language to mean that plaintiff was required to choose the statute under which she sought relief before proceeding to any other phase of litigation.

Plaintiff's motion likewise fails because none of the case law she cited alters existing law. For example, *Clark VI* neither overruled *Clarke I* nor is it applicable to the present case because it presents a distinguishable factual situation. *Clark VI* was the last in a series of cases brought by plaintiff Denise Clark against her retirement plan and two of its trustees. 808 F. Supp. 2d at 221. After the termination of her company's retirement plan, Clark received a retirement payout that was pro rata reduced to match the retirement plan's assets. *Clark IV*, 697 F. Supp. 2d at 29. Given that the retirement fund's assets had been distributed and there was a legitimate question as to whether monetary relief would be available, Clark argued that the Court should allow her to proceed under both §§ 1132(a)(1)(B) and 1132(a)(3). *Clark VI*, 808 F. Supp. 2d at 225. While acknowledging that this Circuit has not decided whether a plaintiff can bring simultaneous claims under both provisions, the *Clark VI* Court affirmed that a "majority of

circuits that have decided this issue have held that a breach of fiduciary duty claim cannot stand where the plaintiff has an adequate remedy through a claim for benefits under *§ 1132(a)(1)(B)*." *Id.* at 225 (citations omitted); Mem. Op. 8.  The Court held that because it was unclear whether there were adequate assets in the plan to provide a legal remedy, and because the Supreme Court's decision in *CIGNA Corp. v. Amara*, 121 S. Ct. 1866 (2011) allowed equitable relief including monetary compensation, Clark could "proceed on a claim under **either** *§ 1132(a)(1)(B)* or *§ 1132(a)(3)*, **but not both**." *Id.* at 226 (*citing CIGNA Corp.*, 121 S. Ct. at 1880) (emphasis added).[3]

In the present case plaintiff has not plead that the plan has insufficient assets to provide adequate relief under § 1132(a)(1)(B) and there is no prima facie evidence that tends to show that recovery under the statue would be inadequate.[4]  She simply contends that she has "no idea whether there is an adequate remedy" because she is "unaware whether there is sufficient relief under the Plan."  Pl.'s Supp. Mem. [17-1] 5.  Plaintiff's injury amounts to no more than the difference between what plaintiff paid for her procedure after Aetna refused to cover her surgery and her copayment, if any, had Aetna covered the procedure.  Because Aetna's business is to pay the medical bills of those it insures, the Court reasonably infers that there is indeed adequate relief under the plan to cover the cost of her procedure.  More importantly, this Court already held that plaintiff failed to allege facts that would entitle her to an equitable claim under § 1132(a)(3).  Mem. Op. [14] 9.  Since plaintiff has made no new factual allegations demonstrating her right to equitable relief, the Court can do nothing but stand by its previous decision.

Given that there has been no significant change in the law since the Court's Order, plaintiff has failed to demonstrate that "reconsideration is necessary under the relevant

---

[3] The Court notes that plaintiff Clark was allow to maintain separate actions under both § 1132(a)(1)(B) and § 1132(a)(3) for separate and distinct claims.  *Clark VI*, 808 F. Supp. 2d at 230-31, 234.
[4] This Court also notes that we are not bound by Judge Bates's decision in *Clark VI*.

circumstances." *Pueschel*, 606 F. Supp. 2d at 85; *Cobell*, 355 F. Supp. 2d at 539.  Therefore, plaintiff's Motion for Reconsideration is denied.

## II. PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Plaintiff's Second Amended Complaint adds additional facts to demonstrate her exhaustion of administrative remedies in support of her denial of benefits claim under § 1132(a)(1)(B); clarifies that she intended to seek relief under § 1132(a)(3); adds the Plan and Plan Administrator as defendants; and claims relief for both the Plan and Plan Administrator for their alleged breach of fiduciary duties.  Pl.'s Supp. Mem. [18-1] 2-4; 2d Am. Compl. [18-2] ¶¶ 43-57.  Defendant objects to plaintiff's Motion arguing that it should be denied as futile, unduly late, and because it would cause substantial prejudice to the defendant.  Def.'s Op. [22] ¶ 13, Mar. 26, 2012.  Defendant also asks the Court to condition any future amendments on payment of Aetna's reasonable attorney's fees.  *Id.* ¶¶ 14-15.

### A. Legal Standard Under Federal Rule of Civil Procedure 15(a)(2).

Rule 15 allows a party to "amend its pleading once as a matter of course within" 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  FED. R. CIV. P. 15(a).  After such time, a party may amend its pleading "only with the opposing party's written consent or the court's leave."  FED. R. CIV. P. (15)(a)(2).  While the grant or denial of leave lies in the sound discretion of the court, Rule 15 directs that the "court should freely give leave when justice so requires." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  The court should deny leave only where there is an "apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue


prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the court should not turn the pleading phase into a "game of skill in which one misstep by counsel may be decisive to the outcome . . . ." *Id.* at 181-82. Instead, "where the facts or circumstances relied upon by the plaintiff may be a proper subject of relief, he out to be afforded an opportunity to test his claim on the merits." *Id.*

A court may deny an amendment as futile "if it merely restates the same facts as the original complaint" or fails to advance a legal theory that would survive a motion to dismiss. *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004); *Robinson v. Detroit New, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (*citing* 3 MOORE'S FED. PRAC. §15.15[3] (3d ed. 2000)). Review under these circumstances is the same as a review after a Rule 12(b)(6) motion. *In re Interbank Funding Corp. Securities Litig.*, 629 F.3d 213, 215-16 (D.C. Cir. 2010) (citations omitted). That is, the Court will treat all of plaintiff's factual allegations as true and give plaintiff the benefit of all inference flowing from the alleged facts. *Id.*

To survive a 12(b)(6) motion the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain detailed factual allegations, it must recite facts sufficient to at least "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557) (alterations in original). At bottom, a

complaint must contain sufficient factual matter that, accepted as true, would allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

> **B.   The Court Denies Plaintiff's Motion for Leave to File a Second Amended Complaint but Incorporates Her New Factual Allegations into Her First Amended Complaint.**

This Court dismissed plaintiff's claim for denial of benefits under § 1132(a)(1)(B) because the plaintiff did not plead sufficient facts to establish that she exhausted her administrative remedies as implicitly required by ERISA.  Mem. Op. [14] 5 (*citing Commc'ns Workers of Amer. v. Amer. Tel. & Tel. Co.*, 40 F.3d 426, 431–32 (D.C. Cir. 1994); *Dorsey v. Jacobson Holman, PLLC*, 707 F. Supp. 2d 21, 27 (D.D.C. 2010)).  Plaintiff's Second Amended Complaint includes new factual allegations that if true, would demonstrate that Aetna made a "final determination" in her case, i.e., that plaintiff exhausted her administrative remedies.  2d Am. Compl. [18-2] ¶¶ 4-5, 38.  Plaintiff's new factual allegations appearing in paragraphs 4, 5, 23, 24, 33, 34, 37, and 38 of her Second Amended Complaint are hereby incorporated into her Amended Complaint.  Because these additional facts establish that plaintiff exhausted her administrative remedies, she will now be allowed to proceed on two claims under § 1132(a)(1)(B): the claim that Aetna improperly refused to pay her surgeon at the company's in-network rate and her claim that Aetna improperly denied her coverage for her procedure.

> **C.   The Court Denies Plaintiff's Motion for Leave to Amend Her Complaint in Order to "Clarify" Her Prayer for Relief Under 29 U.S.C. § 1132(a)(3).**

Plaintiff's request to "clarify" to the Court that she intended to seek relief under § 1132(a)(3) is both unnecessary and futile.  Plaintiff first argues that she should be granted leave to clarify this point because "[o]ne reason for dismissal was that Aetna and the Court were

unclear as to whether Plaintiff was bringing her second claim under" that statute.[5]  Mot. Leave 2d Am. Compl. [18] ¶ 3.  Plaintiff later argues that this clarification is meant to be a "technical correction" that would "only apply to the extent that the Court grants Plaintiff's Motion for Reconsideration."  Pl.'s Reply [24] ¶ 2, Mar. 12, 2012.

However, plaintiff already clarified that she sought relief under § 1132(a)(3). Pl.s' Opp'n [7] 4.  The Court considered this claim, ruled that it failed a Rule 12(b)(6) analysis and subsequently dismissed the claim.  Mem. Op. 8.  Additionally, plaintiff filed a Motion for Reconsideration requesting that this Court reverse its ruling as to her § 1132(a)(3) claim, a motion that this Court denied.  Having already found that plaintiff may not bring an action under § 1132(a)(3) where they have an adequate remedy through a claim for benefits under § 1132(a)(1)(B), allowing plaintiff to amend her complaint would amount to giving plaintiff a third bite of the apple.  *Id.*  Such action would prejudice the defendant and waste judicial resources. Therefore, her motion is denied.

> **D.    The Court Denies plaintiff's Motion to Add the Plan and Plan Administrator as Parties and to Assert a Claim for Breach of Fiduciary Duty Against Them.**

Plaintiff's Motion for Leave to file a Second Amended Complaint to add the Plan and Plan Administrator as parties in order to assert a claim for breach of fiduciary duty is likewise denied for futility.  As an initial matter, plaintiff's Second Amended Complaint fails to identify whether she wishes to bring suit against the Plan and Plan Administrator under § 1132(a)(2) or § 1132(a)(3).  *See* 2d Am. Compl. [18-2] ¶¶ 55-7.  In her supporting memorandum plaintiff merely claims that she should be allowed to seek relief for breach of fiduciary duty on the part of the Plan Administrator.  Pl.'s Supp. Mem. [18-1] 4.  Plaintiff's prayer for relief requests that the Court "[a]ward to the Plan such other equitable and remedial relief as the Court deems

---

[5] This is an inaccurate reading of the Court's decision.

appropriate." 2d Am. Compl. [18-2] 11. As previously clarified by this Court, § 1132(a)(2) allows for recovery on behalf of the Plan for breaches of fiduciary duty that cause loss to the Plan, while § 1132(a)(3) allows for individual equitable relief to enjoin or enforce ERISA violations. Mem. Op. 8. Here, the gravamen of plaintiff's allegation is personal harm via Aetna's refusal to pay for her operation. 2d Am. Compl. [18-2] ¶¶ 38-42. A legal remedy under § 1132(a)(1)(B) would make her whole. Since a plaintiff generally cannot bring suit under § 1132(a)(3) where there is an available remedy under § 1132(a)(1)(B), plaintiff has not stated a claim under § 1132(a)(3). *Clark VI*, 808 F. Supp. 2d at 225; Mem. Op. [14] 8.

Additionally, plaintiff presents no new facts to support her breach of fiduciary duty claim against the two new named defendants. She merely asserts, upon "information and belief" without any supporting facts that WPP Group USA is both the plan sponsor and plan administrator and is thus a fiduciary "responsible for ensuring compliance of the Plan, even if it delegates tasks to other parties" and is liable for "fail[ing] to properly monitor its service provider [Aetna]" to ensure that they acted in compliance with the plan. 2d Am. Compl. [18-2] ¶¶ 8-10, 55-57.

Under ERISA, a person or entity is a fiduciary, *inter alia*, when they "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . . or he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). While a plan sponsor can be the plan administrator this is not automatically the case. *See Varity Corp. v. Howe*, 516 U.S. 489, 526 (1996); § 1002(16)(A)(ii). Congress specifically "define[d] 'fiduciary' not in terms of formal trusteeship, but in functional terms of control and authority over the plan." *Id.* at 527 (*citing Mertens v. Hewitt Associates*,

Case 1:10-cv-01685-RCL   Document 28   Filed 05/23/12   Page 13 of 14

508 U.S. 248, 262 (1993)). "When the employer is not acting as plan administrator," the fiduciary duty under ERISA "is not activated." *Id.* at 528.

Plaintiff alleges no facts to demonstrate that WPP Group USA held any "discretionary authority or responsibility in the administration of the plan." § 1002(21)(A). On the contrary, all her allegations cite Aetna as the party with control over the plan: it was Aetna that provided a medical network of physicians under the plan; Aetna who exercised "discretion and control" over the plan, and Aetna who made the final determination in her case. 2d Am. Compl. [18-2] ¶¶ 5, 11-12.

Because plaintiff's Second Amended Complaint does no more than restate the same facts as the original complaint in support of her claim against the new parties, and because the facts alleged are no more than "labels and conclusions" that are insufficient on their face to state a claim for relief, Plaintiff's motion, if granted, would not survive a motion to dismiss. *Nat'l Wrestling Coaches Ass'n*, 366 F.3d at 945; *Robinson*, 211 F. Supp. 2d at 114; *Twombly*, 550 U.S. at 555, 570. Thus, Plaintiff's motion to add new parties and assert a claim against them for breach of fiduciary duty is futile.

### E. The Court Denies Defendant's Request to Condition Any Future Motions for Leave to Amend on the Payment of Attorney's Fees.

Defendant requests that the Court condition any further amendments on plaintiff's payment of defendant's reasonable attorney's fees. Def.'s Op. [22] ¶¶ 14-15. The Court has reviewed the cases cited by defendant (*Combustion Products. Mgmt. Inc. v. AES Corp.*, No. 05 Civ. 00929, 2006 WL 6816644 (N.D.N.Y. 2006) and *Global Energy & Mgmt., LLC v. Xethanol Corp.*, No. 07 Civ. 11049 (NRB), 2009 WL 464449 (S.D.N.Y. 2009)) and believes such an order to be premature at this time.

13

### III. CONCLUSION

For the reasons stated above, the Court denies plaintiff's Motion for Reconsideration and plaintiff's Motion for Leave to file a Second Amended Complaint, but will consider paragraphs 4, 5, 23, 24, 33, 34, 37, and 38 of her Second Amended Complaint incorporated into her Amended Complaint. Plaintiff will be allowed to pursue her denial of benefits claim under § 1132(a)(1)(B).

A separate Order consistent with this Memorandum Opinion will be issued on this date.

Signed by Royce C. Lamberth, Chief Judge, on May 23, 2012.